MACKENZIE, Respondent, vs. STAUDENMAYER, Appellant.

*October 21—November 15, 1921.*

*Brokers: Contract of employment: Validity: Necessity of wife's
signature: Homestead.*

Sec. 2203, Stats., invalidating the alienation of a married man of
his homestead without his wife's consent, does not void a con-
tract made by the husband with a real-estate agent to procure
a purchaser therefor, and the latter is entitled to his com-
mission when he produces a purchaser ready, able, and will-
ing to buy, even though the wife did not sign such contract
and even though the husband knew she would not join in a
conveyance of the homestead.

APPEAL from a judgment of the circuit court for Colum-
bia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Defendant was the owner of a farm consisting of 214
acres of land, forty acres of which constituted his home-
stead, on which he resided. On June 14, 1919, defendant,
by a written contract, employed plaintiff to "sell or find a
buyer" for the farm, agreeing to pay him two per cent. com-
mission therefor, and gave him the exclusive sale until Oc-
tober 1, 1919. On June 28th the plaintiff found a purchaser
for the farm, who was ready, willing, and able to purchase

said property at the price fixed in said brokerage contract and to comply in all respects with the terms in said contract stipulated. Defendant's wife, however, refused to join in a conveyance of said farm, by reason of which the sale was not consummated. Plaintiff brought this action to recover his commission under the terms of said contract. Judgment was rendered in his favor, from which the defendant brings this appeal.

*William Ryan* of Madison, for the appellant.

For the respondent there was a brief by *J. L. Mahoney,* and oral argument by *W. H. Farnsworth,* both of Portage.

OWEN, J. Defendant claims the brokerage contract employing the plaintiff to sell, or procure a purchaser for, the farm is void because the same was not signed by his wife, which he contends is necessary by virtue of sec. 2203, Stats., which provides that "No mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, without his wife's consent, evidenced by her act of joining in the deed, mortgage or other conveyance, shall be valid or of any effect whatever, except a conveyance from husband to wife." It is to be noted that this statute relates only to contracts which constitute an alienation of the homestead or some interest therein. It does not apply to any and all contracts relating to or affecting the homestead. A contract for the digging of a well, or the building of a house, or for plowing or ditching the premises, is not affected by the provisions of the statute quoted, for the reason that such contracts do not alienate the homestead or any interest therein. The contract here under consideration employed the defendant to procure a purchaser for the farm, including the homestead. It was a contract of employment merely. It did not alienate the homestead or any interest therein. True, the alienation of the homestead was within contemplation, but the brokerage

contract was not one of alienation. The statute in question does not void contracts made by the husband to procure a purchaser for the homestead any more than it voids his contracts to plow, ditch, or otherwise improve such premises.

In discussing sec. 2203 in *Rosenthal v. Pleck,* 166 Wis. 598, 166 N. W. 445, it was said that "If the husband could incur a liability in an attempt to alienate it [the homestead], the liability might be more disastrous than the alienation." And in *Cumps v. Kiyo,* 104 Wis. 656, 80 N. W. 937, it was said that the "statutory policy of this state is that a wife shall possess an absolute veto upon the husband's power to alienate his homestead, and that she shall be conclusively presumed to have exercised it till the contrary appears by her voluntary act of joining with him and conveying such homestead, evidenced by her signature to the conveyance." It is contended that the underlying principle or policy justifying those expressions is applicable to the contract under consideration. It should be remembered that those expressions were used with reference to contracts unquestionably falling within the provisions of the statute, and indicated the force which this court would give the statute as applied to contracts falling within its inhibition. This contract does not fall within the purview of the statute, and the expressions quoted have no application here. The public policy of this state, as revealed by the provisions of sec. 2203, does not hamper the husband in dealing with the homestead in any respect except in the alienation thereof.

Nor can recovery be denied on the principle declared in some jurisdictions (upon which we express no opinion) that a real-estate agent cannot recover a commission where he knows of a defect in the title which will prevent the consummation of a sale and render his efforts abortive. True, the plaintiff knew that in order to convey the homestead the wife must join in the deed, but he did not know that she would refuse to do so. The defendant as well as the plaintiff knew that her signature was necessary to convey the

homestead and he·was in a much better position to know whether she would join in such conveyance. If it were necessary. for 'plaintiff to consider the matter at all, he was justified in assuming that the defendant knew what he was doing and that he was not ignorant concerning the attitude of his wife in the matter. The defendant should have known whether his wife would join in the conveyance of the homestead, and, even though he knew she would not, it was not beyond his power to enter into the contract of employment if he saw fit to do so for his personal gratification. It appears that the plaintiff in all respects fulfilled his contract by producing a purchaser ready, able, and willing to buy, and he is entitled to compensation provided for by the terms of the contract.

*By the Court.*—Judgment affirmed.