GRIEB & ERICKSON, INC., Respondent, vs. ESTBERG and others, Appellants.

*January 16—February 10, 1925.*

*Brokers: Contract with officers of corporation: Knowledge of broker that principals could not convey corporate assets: Person assuming to act as agent: Liability if agency does not exist.*

1. If one holds himself out as the agent of another and as having authority to act for a principal when he in fact has no such authority, and a third person relies on such representations and suffers injury by reason thereof, the third person may have his remedy against the person who caused the loss. This general rule applies to those assuming to act for corporations.  p. 176.

2. Brokers who entered into a contract with the principal stockholders of a corporation to find a purchaser for the assets of the corporation in reliance on the stockholders' representation that they had authority to bind the corporation, may, under sub. (1), sec. 180.11, Stats., recover their damages in an action against such stockholders.  p. 177.

3. The brokers' knowledge that a majority of the stockholders, who were also officers and directors of the corporation, had no title to the assets, which could only be sold by corporate action, did not preclude the recovery of commissions from such stockholders, in the absence of facts from which it could be inferred that the brokers did not act in good faith in the belief that the stockholders were able to bring about such action as would be necessary to consummate the sale.  p. 178.

4. In an action by brokers to recover commissions, allegations in the complaint that defendants entered into a contract with the purchaser procured by the brokers after a careful investigation of the purchaser's financial ability to consummate the purchase, and that the brokers had performed every obligation under the contract with defendants, are sufficient to show that the purchaser was ready, willing, and able to buy, under sec. 2674, Stats.  p. 179.

APPEAL from an order of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge.  *Affirmed.*

The cause was submitted for the appellants on the brief of *Frame & Blackstone* of Waukesha, and for the respond-

ent on that of *Harry V. Meissner* and *Churchill, Bennett & Churchill,* all of Milwaukee.

JONES, J.   This is an appeal from an order overruling a general demurrer to the complaint.   The complaint alleges in substance that the plaintiff is a Wisconsin corporation, engaged in the brokerage business in the city of Milwaukee; that the defendants are residents of Waukesha and are officers and directors of the Waukesha Motor Company, a Wisconsin corporation, and are the owners of a majority of the common stock of this corporation; that the defendants entered into a contract with the plaintiff by which the defendants agreed to pay $125,000 on the condition that the plaintiff should secure for the defendants a purchaser ready, willing, and able to purchase the Waukesha Motor Company at a price and upon terms to be agreed upon solely by the defendants, reserving to them the absolute right to accept or reject any offers which the plaintiff might secure, without accounting to the plaintiff and without, in such event, paying the plaintiff any compensation; that the plaintiff through its officers and employees rendered valuable services to the defendants in negotiating a sale of the Waukesha Motor Company and disbursed large sums of money in so doing; that as a result of such services and expenses they procured one Joseph Weissenbach to purchase the Waukesha Motor Company; that the defendants, after a careful consideration and a careful investigation as to the financial ability of Joseph Weissenbach to consummate the purchase, made a contract with him by which they agreed to sell to him all the assets of the Waukesha Motor Company for $1,600,000; that the price and terms agreed upon were approved and ratified by Weissenbach and the defendants; that the plaintiff had performed its every obligation under said contract and made due demand for its compensation, but no part of it had been paid.

It is argued by the counsel for the appellants that the demurrer should have been sustained because the defendants could not sell the corporate assets of the corporation nor fix the terms of a sale. They cite the statute, sub. (1), sec. 180.11, providing that corporations may, by a vote of a majority of the stock given at any regular meeting or at any special meeting called for the purpose, sell and convey or authorize to be conveyed all or any portion of the property owned by it, whether real, personal, or mixed; and they cite *Consolidated W. P. Co. v. Nash,* 109 Wis. 490, 85 N. W. 485, and other authorities to the effect that the entire assets of a corporation cannot be sold by its president or secretary or its directors. Counsel for the plaintiff concede that the entire assets of the corporation could not be sold without proper corporate action, but argue that the rule has no application to the instant case because it is one concerning agency rather than corporate action. If the defendants as officers of the corporation had entered into the contract in question as authorized agents of the company, it would have been bound. It does not necessarily follow that if they did so without authority, as between themselves and the broker, they would incur no obligation. If one holds himself out as the agent of another and as having authority to act for a principal when in fact he has no such authority, and a third person relies on such representation and suffers injury by reason thereof, the third person may have his remedy against the person individually who caused the loss. *Oliver v. Morawetz,* 97 Wis. 332, 72 N. W. 877; 21 Ruling Case Law, 914; 2 Clark & Skyles, Agency, § 577. The general rule applies to those assuming to act for corporations as in other cases. Fletcher, Corp. § 2525; *Norman v. Hopper,* 38 Wash. 415, 80 Pac. 551.

Counsel for the appellants argue that it must be inferred from the complaint that the plaintiff knew that the defendants had no authority to act as agent for the corporation

and that under an exception to the general rule above stated no liability arose. It is the weakness of this argument that the complaint contains no such allegation and no such inference can be drawn from it.

It is further contended that the plaintiff knew that the defendants had no title to the property to be sold and that in substance there was a defect of title, and such a defect as defeats any recovery on the contract. There are decisions in some jurisdictions in which it is held that a real-estate agent cannot recover commissions for the sale of land when he knows of defects in the title on account of which the sale cannot be consummated. But it is well settled in this state that a broker who has fulfilled his part of the contract will not be deprived of a recovery by the mere fact of his knowledge that a perfect title cannot be conveyed by the act of the vendor alone. In *Oliver v. Morawetz,* 97 Wis. 332, 72 N. W. 877, the defendant was one of three owners of the land in question, as the broker knew. In an action to recover commissions the defendant claimed that he was not authorized to make the contract and that the other owners refused to convey. Since the agent had performed his part of the contract, this was held no excuse or defense. Quoting from a New York case it was said in the opinion:

"The reason why the agent is liable in damages to the person with whom he contracts, when he exceeds his authority, is that the party dealing with him is deprived of any remedy upon the contract against the principal. The contract, though in form the contract of the principal, is not his in fact; and it is but just that the loss occasioned by there being no valid contract with him should be borne by the agent who contracted for him without authority."

In a recent case a husband employed an agent to sell his farm, part of which was a homestead, which fact was known to the agent. It was urged as a defense to the action for the commission that there was a defect of title, since the

agent knew that no title could be conveyed without the consent and signature of the wife.   In the opinion by Mr. Justice OWEN it was said:

"If it were necessary for plaintiff to consider the matter at all, he was justified in assuming that the defendant knew what he was doing and that he was not ignorant concerning the attitude of his wife in the matter.   The defendant should have known whether his wife would join in the conveyance of the homestead, and, even though he knew she would not, it was not beyond his power to enter into the contract of employment if he saw fit to do so for his personal gratification.   It appears that the plaintiff in all respects fulfilled his contract by producing a purchaser ready, able, and willing to buy, and he is entitled to compensation provided for by the terms of the contract." *Mackenzie v. Staudenmayer,* 175 Wis. 373, 185 N. W. 286.

Other similar cases will be found collected in a note in L. R. A. 1915E, 717, 718; and see 9 Corp. Jur. 585, 586.

In the instant case no inference can be drawn from the complaint that the plaintiff did not act in good faith, believing that the defendants were able to bring about such action as would be necessary to consummate the sale.   Such a belief did not seem unreasonable in view of the fact that the defendants were officers and directors of the corporation and owned a majority of the common stock.   It is a fair inference that they had better knowledge than the plaintiff as to their ability to fulfil their contract.

It is further claimed that the complaint fails to allege that the plaintiff procured a purchaser "ready, willing, and able to buy."   In the part of the complaint alleging performance these words are not used.   But it is alleged that after a careful investigation of the buyer's financial ability to consummate the purchase, defendants entered into the contract for the sale.   The averment that the purchaser entered into the contract with the defendants clearly enough indicates that he was willing to do so.   Under the liberal rules for the construction of pleading, it would seem that the ability of the buyer is shown, in the absence of any claim

of fraud or collusion, by the fact that the defendants were satisfied as to his ability after full investigation and the fact that the agreement of sale was executed. Moreover, there is an allegation in the complaint that the plaintiff had performed every obligation under the contract. Sec. 2674, Stats., provides as follows:

"In pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted the party pleading shall be bound to establish on the trial the facts showing such performance."

We think that under this statute it was not necessary for the plaintiff to plead in greater detail or in different language than that used in the complaint that the purchaser was able to comply with his. contract. *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 88 N. W. 583.

*By the Court.*—The order overruling the demurrer to the complaint is affirmed, and the cause is remanded for further proceedings according to law.