Mikkelson v. Faber, 195 Wis. 64.

---

MIKKELSON and another, Respondents, vs. FABER, Administratrix, Appellant.

*January 10—February 7, 1928.*

*Brokers: Listing agreement: Sufficiency: Price not stated but basis established for determination: Husband listing wife's property: Liability: Costs in supreme court: Judgment modified to correct clerical error.*

1. A provision in a real-estate broker's listing agreement for a sale of property at a definite price, or at any other price which the principal might authorize, set forth a sufficient basis on which a commission might be definitely computed in compliance with the requirements of sec. 240.10, Stats. p. 66.

2. Where a husband entered into a written contract agreeing to pay a stipulated commission for the sale of his wife's property, he was liable therefor on performance of the contract. p. 66.

3. Although the judgment of the trial court is modified on appeal to correct a clerical error in the calculation of the amount due, the respondent will be entitled to costs, inasmuch as the appellant did not call the trial court's attention to the error in due time.  p. 66.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Modified and affirmed.*

The appeal is from a judgment in favor of the plaintiffs. The action was begun in the civil court on the 7th day of January, 1926, and was appealed to the circuit court, where the judgment of the civil court was affirmed on January 28, 1927.

The action was brought to recover commissions on the sale of a certain piece of real estate. The civil court in substance found that on the 28th day of October, 1922, an agreement in writing was entered into by and between the parties to the contract, pursuant to which the plaintiffs were given the exclusive right to sell certain premises described in the complaint for the sum of $7,200, or at any other price or terms which the principal might authorize or accept, during the life of the contract; that the agreement further provided that it shall continue in effect until February 1, 1923, and thereafter until terminated by the giving of a thirty-day notice in writing; that no thirty-day notice was ever given to terminate the agreement, but that the same was canceled by mutual consent, to become effective on October 1, 1923; that the premises were sold on September 4, 1923, for the sum of $6,740; that the purchaser was procured by the plaintiffs; and that the defendant received due notice thereof.

For the appellant there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *F. J. Lenicheck.*

*A. A. Cooper* of Milwaukee, for the respondents.

DOERFLER, J. The record discloses that there is ample testimony to support the above findings. It is, however, argued by defendant's counsel that the plaintiffs cannot recover a commission, for the reason that the only price expressed in the agreement is the sum of $7,200, and that

with the exception of such price the amount for which the property may be sold is not definitely fixed, as required by sec. 240.10 of the Statutes.

It may be conceded that unless the property is sold for $7,200 the agreement does not fix definitely in dollars the amount of the sale price; but it does provide a basis upon which a commission may be definitely computed, and this answers the provisions of the statute and complies with the purpose for which it was enacted. *Gifford v. Straub,* 172 Wis. 396, 400, 179 N. W. 600.

It is conceded by the parties that at all times mentioned in the complaint the property in question was owned by defendant's wife, and not by the defendant. The undisputed evidence in the case establishes the fact that the defendant notified *Mr. Bohn,* one of the plaintiffs, prior to the time that the exclusive sales contract was executed, that the defendant was not the owner of the property, but that the same belonged to his wife. Notwithstanding such ownership, the defendant entered into the written contract above referred to, in his own name. In other words, in consideration of the procurement of a purchaser for the property in question, on the terms of the agreement, he, the defendant, promised and agreed to pay a stipulated commission. Upon the performance of the plaintiffs' contract, therefore, a commission accrued to the plaintiffs, based upon the actual sale price of the property. 9 Corp. Jur. p. 586 and note 93; *Id.* p. 587 and note 2; *Buroff v. Bergmann,* 170 Wis. 316, 174 N. W. 901; *Roberts v. Goodlad,* 167 Wis. 318, 166 N. W. 646; *Mackenzie v. Staudenmayer,* 175 Wis. 373, 185 N. W. 286.

In the judgment of the civil court and of the circuit court the commissions were computed upon the sum of $7,200 instead of $6,740. The judgment should therefore be reduced to the sum of $337 plus the interest. Inasmuch as the defendant's counsel omitted to call the trial court's attention to the clerical error in due time, plaintiffs are entitled to costs.

Defendant's counsel called our attention to the death of their client pending this appeal, and that an administratrix was appointed for his estate. It is therefore ordered that the administratrix is substituted for the defendant herein.

*By the Court.*—It is ordered that the judgment of the circuit court be modified in accordance with this opinion, and, as so modified, affirmed.