**KEENEY–TOELLE REAL ESTATE COMPANY, a corporation (Plaintiff), Appellant,**

v.

**Roy E. HILLINGHORST and Laurette M. Hillinghorst (Defendants), Respondents.**

**No. 30052.**

St. Louis Court of Appeals.

Missouri.

Jan. 6, 1959.

Schurr & Inman, R. K. Schurr, St. Louis, for appellant.

Charles F. Ballak, St. Louis, for respondents.

WOLFE, Judge.

This is an action by which the plaintiff sought a judgment for $667.50. That sum was claimed as a commission due for procuring a purchaser for real estate at the request of the defendants. The action was started as an attachment suit with a garnishment in aid thereof. No property of defendant Laurette M. Hillinghorst was reached. Roy E. Hillinghorst answered and trial was had with him as the sole defendant. He defended on the ground that he did not own the property and that the plaintiff knew this and was to aid in securing title to it. At the close of the entire cause there was a directed verdict for the defendant and the plaintiff prosecutes this appeal.

The plaintiff's petition alleged that on October 25, 1950, the defendant employed the plaintiff by verbal contract to sell certain real property known as 1503 Cutter Avenue, in the City of St. Louis, Missouri. It was alleged that the defendant agreed to pay five per cent commission on the total selling price of the property. The plaintiff secured a purchaser ready, willing and able to purchase the property on the terms and conditions agreed to by the defendant. The petition further averred that an earnest money contract was entered into and signed by the defendant and that thereafter the defendant failed and refused to go through with the sale and the plaintiff refunded the earnest money to the prospective purchaser. The total sale price was $13,350 and the agreed commission on this sum would amount to $667.50, for which the plaintiff prayed judgment.

The defendant by his answer stated that he was never the owner of the property in question, but that he and his wife were only lessees and that by the terms of the lease he had an option to purchase. He alleged in substance that the plaintiff was fully aware of the terms and conditions of the lease and that the plaintiff undertook not only to find a purchaser for the real estate but also undertook to secure title for the defendant under the terms of the lease and that the plaintiff was unable to do so.

The evidence offered by the plaintiff disclosed that a Mr. Leonard O'Brien, who was employed by the plaintiff corporation, first called upon Mr. Hillinghorst. O'Brien testified that Mr. Hillinghorst wanted to sell the property. Hillinghorst had a lease with an option to purchase. He was leaving town and wanted a quick sale. He gave a "listing" of the property to Mr. O'Brien's company for a period of seven days. O'Brien made out the listing agreement and wrote into a blank space provided in the contract "Lease and option to buy." O'Brien did not recall having seen the lease at the time but it was later brought into plaintiff's office. The lease provided that the lessees had to give sixty days' notice to the lessor of their intention to exercise the option to purchase but O'Brien was not aware of this at the time he took the listing of the property. No purchaser was found within the seven days.

The plaintiff company also had in its employ a man named Zawojski, who testified that during the time the listing contract was in effect he showed the property to a man named Dunlap. This prospect decided to buy the property after the seven-day listing had expired.

Zawojski drew up an earnest money contract subject to the approval of the seller and Dunlap signed it. Zawojski submitted the contract to Hillinghorst and wife. The contract provided for the sale of the property for a total sum of $13,350, of which

$7,350 was to be paid in cash at the time the sale was closed. The total earnest money paid by Dunlap was $650, which was to be credited on $7,350 cash, and the plaintiff real estate company agreed to procure a loan for $6,000 to cover the balance. In addition to the other provisions of the contract there were the following paragraphs:

"If title be found imperfect and seller cannot perfect same in a reasonable time, the above mentioned Earnest Money is to be returned to purchaser, and Seller shall pay the cost of examination of Title, agent's commission and expenses incurred, thereby releasing the purchaser therefrom, and this sale to be void and of no effect."

"I hereby approve the above contract dated ———— and agree to pay Keeney-Toelle R. E. Co., a commission thereon, as set by St. Louis Real Estate Exchange."

Hillinghorst and his wife signed the contract. According to Zawojski, Hillinghorst told him after the contract was signed that he would have the title to the property on the following day. Zawojski said that he returned the next day and when he asked for the title Mr. Hillinghorst said, "The owner won't give it to me." Zawojski testified that this was the first information he had that Hillinghorsts were not the owners. He had not seen the original listing contract; nor did he read it until Hillinghorst told him that they did not have title to the property.

Mr. Henry J. Toelle, president of the plaintiff corporation, testified that the plaintiff had arranged a loan of $6,000 provided for in the earnest money contract. He said that the deal was never closed and the company refunded the earnest money to the prospective purchaser. Prior to doing this, however, Oliver Erbs, a lawyer, phoned him and told him that the only way to get a title to the property in Hillinghorst's name was to tender $11,-000 to the owner and have him sign a deed. This was attempted by the plaintiff company, which furnished the money for the tender, and by Oliver Erbs, but they were unable to find the owner.

Defendant Roy Hillinghorst testified in his own behalf and stated that he had a three-year lease on the property in question. Two years of the lease had expired at the time of the negotiations in question. The lease provided for the payment of $110 per month rent and $550 for the last five months of the lease. The defendant was a salesman for a shoe company located in St. Louis, but his territory was in Ohio and he desired to move there. He stated that he first talked to O'Brien and told him of the situation in relation to the lease and that at some period during the negotiations the plaintiff company had the lease. The defendant testified that at the time the earnest money contract was signed the plaintiff's agent told him that the company would supply the money and pass through him a sixty-day notice which would have to be served on the owner from whom he leased. All of this testimony was over the objection of the plaintiff on the ground that it was an attempt to alter the terms of a written agreement, the earnest money contract. He testified that he anticipated no trouble about exercising his option to purchase and thought that it would go through.

Hillinghorst testified that he employed Oliver Erbs, the lawyer, to make the tender of the money and secure a deed from the owner. Erbs testified also that he had been employed by Hillinghorst and that Keeney-Toelle Real Estate Company furnished $11,000 which they attempted to tender to the owner. Erbs went with a member of the plaintiff company to the home of the owner but was unable to find him. This ended the matter as far as Oliver Erbs was concerned, who did nothing more about it. All of this took place after the earnest money agreement was signed.

Both plaintiff and defendant offered motions for a directed verdict and, as stated,

the court directed a verdict for the defendant and from the judgment following plaintiff appealed.

The plaintiff here contends that the trial court not only erred in directing a verdict for the defendant but that it should have directed a verdict for the plaintiff. It is, of course, established law that a broker earns his compensation when he produces a buyer ready, able and willing to buy. Staples v. O'Reilly, Mo.App., 288 S.W.2d 670. This not only was done here but the principal accepted the buyer in writing by signing the earnest money contract in which it was agreed in writing to pay the regular commission which the evidence disclosed was five per cent. He agreed to pay this five per cent if he could not perfect the title within a reasonable time, and he admittedly did not do this. There is no doubt that the plaintiff company was charged with the knowledge that the defendant did not have title to the property for its agent O'Brien was aware of that fact and inserted the words "option to purchase" in the original listing agreement. The trial court was apparently of the opinion that the plaintiff was not entitled to any commission unless the defendant was able to exercise his option and convey the property to the prospective purchaser. The law, however, is that one who employs a broker to find a purchaser is usually liable for compensation when the broker performs regardless of the interest that the employer has in the property or whether he has any interest in it whatever. Papen v. Friedmeyer, Mo.App., 255 S.W.2d 841; E. A. Mabes & Co. v. Fishman, Mo.App., 284 S.W.2d 21; Stone v. McConnell, Mo., 187 S.W. 884. The mere fact that after the buyer was produced the plaintiff attempted to help the defendant secure title did not deprive the plaintiff of its right to the compensation it had earned. Bledsoe v. Lombard, Mo.App., 194 S.W. 518. Since there was no evidence either direct or by inference that the plaintiff agreed to waive its commission if the defendant's option to purchase was not consummated, it appears that the court erred in directing a verdict for the defendant and that it should have directed a verdict for the plaintiff. When, as here, there is no question of credibility of witnesses and the evidence on behalf of the plaintiff is sufficient to prove his cause of action and there is no evidence or reasonable inferences to the contrary, the court should direct a verdict for the plaintiff. Bragg v. Ohio Chemical & Mfg. Co., 349 Mo. 577, 162 S.W.2d 832.

For the foregoing reasons the judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff in the sum of $667.50.

RUDDY, P. J., and ANDERSON, J., concur.