CINCINNATI M & M REALTY, INC., APPELLANT, *v.*
UCKOTTER, APPELLEE.

(No. 41196—Decided April 3, 1968.)

*Messrs. Goldman, Cole & Putnick* and *Mr. Douglas G. Cole,* for appellant.

*Messrs. Beirne, Wirthlin & Manley* and *Mr. C. R. Beirne,* for appellee.

ZIMMERMAN, J. Appellee Uckotter entered into a written contract with the appellant broker to procure a purchaser for real property in which Uckotter owned an undivided one-half interest. Pursuant to such contract the broker in good faith procured a qualified purchaser for the property at a price which was acceptable to Uckotter, and Uckotter agreed to furnish a general warranty deed of conveyance. The broker fulfilled his part of the contract in producing the purchaser, and the inability or failure of Uckotter to furnish a general warranty deed as he agreed to do did not affect the broker's right to the commission, notwithstanding the broker may have known subsequent to the execution of the contract that Uckotter was not the sole owner of the property.

Uckotter agreed, without qualifications or conditions, to supply the deed, which he did not or could not do, and

no blame can be attached to the broker for Uckotter's failure to perform. The broker did what he was employed to do and thereby earned his commission. No obligation rested on the broker to contact the sister and induce her to complete the transaction.

In the situation described, the prevailing rule is thus stated in 12 Corpus Juris Secundum 228, Brokers, Section 95:

"* * * a broker who fulfills his part of the contract will not be deprived of recovery [of his commission] merely by his knowledge that a perfect title cannot be conveyed by the act of the principal alone, as where he has knowledge that the principal is only a part owner * * *; in such case he may reasonably and bona fide believe, and act on the assumption, that the principal will be able to bring about such action as is necessary to consummate the sale. * * *"

Representative cases in accord with the quoted rule are: *Jamison* v. *Harrison,* 10 Ohio App. 454; *Portis* v. *Thrash,* 216 Ark. 946, 229 S. W. 2d 127; *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S. W. 2d 304; *McAlinden* v. *Nelson,* 121 Cal. App. 2d 136, 262 P. 2d 627; *Cotter* v. *Figaro* (La. App.), 36 So. 2d 291; *Keeney-Toelle Real Estate Co.* v. *Hillinghorst* (Mo. App.), 319 S. W. 2d 675; and *Grieb & Erickson, Inc.,* v. *Estberg,* 186 Wis. 174, 202 N. W. 331. See, also, annotation, 10 A. L. R. 3d 667 *et seq.*

The judgment of the Court of Appeals is reversed, and the judgment of the Municipal Court is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.

DUFFY, J., concurs in the syllabus but dissents from the judgment based on the facts of the case.

DUFFY, J., of the Tenth Appellate District, sitting for O'NEILL, J.